Filed 4/26/23  P. v. Bentley CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH BENTLEY,<br><br>    Defendant and Appellant. | 2d Crim. No. B321420<br>(Super. Ct. No. BA224537)<br>(Los Angeles County) |

Joseph Bentley appeals the order of the trial court denying his petition for resentencing pursuant to Penal Code section 1172.6[1] (former section 1170.95).[2]  We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v.*

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

*Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Appellant filed his own supplemental brief, in propria persona. We affirm.

*Facts and Procedural Background*[3]

In 2002, a jury convicted appellant of the first degree murder of Alvin Green (§ 187, subd. (a), count 1), along with the attempted willful, deliberate and premeditated murders of Lenist Johnson, Jason Payne, and Devon Brown (§§ 664/187, subd. (a), counts 2, 3, & 4), all in a gang-related shooting. Appellant and his codefendant confronted members of a rival gang in a shopping center parking lot. The rival gang members quickly left in their car. Appellant and his codefendant chased them. With appellant driving, his codefendant leaned out of the passenger side window and fired 25 to 30 shots at the victims' car. One of the bullets struck Green in the neck, killing him. The jury also found true a special circumstance allegation that the murder "was intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person . . . with the intent to inflict death." (§ 190.2, subd. (a)(21).)

We affirmed the conviction in a nonpublished opinion. (*Bentley I., supra*, B163959.)

In 2019, appellant filed a petition for resentencing pursuant to Senate Bill No. 1437 (2017-2018 Reg. Sess.) and section 1172.6. The petition was denied. On appeal, we affirmed the order denying resentencing. (*Bentley II., supra,* 55 Cal.App.5th 150.)

---

[3] The following facts are taken from our nonpublished opinion on direct appeal, *People v. Bentley* (Jan. 21, 2004, B163959) [nonpub. opn.]) (*Bentley I.*) and *People v. Bentley* (2020) 55 Cal.App.5th 150 (*Bentley II.*), review granted, Dec. 16, 2020, S265455, review dismissed and remanded, Dec. 15, 2021.

In 2022, appellant filed a petition for resentencing pursuant to Senate Bill No. 775 (2021-2022 Reg. Sess.) (S.B. 775) and section 1172.6.  The trial court summarily denied the petition.

*Discussion*

Because the instant appeal is from an order denying postconviction relief rather than a first appeal as of right from a criminal conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222, 230; see *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)  However, he is entitled to appellate consideration of any contentions raised in his supplemental brief.  (See *Delgadillo*, at p. 232; *Serrano*, at p. 503.)

In his supplemental brief, appellant contends he is entitled to relief because S.B. 775 "grants relief to defendants convicted under the felony-murder and natural and probable consequences doctrines or any other theory (e.g.[,] Aiding and Abetting) which attributes malice to an individual based on his participation in a crime."

This contention is meritless.  S.B. 775 did not expand eligibility for relief pursuant to section 1172.6 to one who directly aids and abets murder or attempted murder because such persons know and share the murderous intent of the actual perpetrator.  (*People v. McCoy* (2001) 25 Cal.4th 1111.)

Appellant also contends he is entitled to an evidentiary hearing pursuant to *People v. Strong* (2022) 13 Cal.5th 698.  But

3

appellant's reliance on *Strong* is misplaced because, unlike appellant, Strong was convicted of special circumstance felony murder. (*Ibid.*)

As we have previously stated, "[a]s a matter of law, appellant is not eligible for resentencing under section [1172.6] because he was not convicted of felony murder or murder pursuant to a natural and probable consequences theory." (*Bentley II.*, *supra*, 55 Cal.App.5th at p. 153.)

*Disposition*

The order denying appellant's petition for resentencing pursuant to section 1172.6 is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

4

Mildred Escobedo, Judge
Superior Court County of Los Angeles

_____

Richard B. Lennon and Dee A. Hayashi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.